```
UNITED STATES DISTRICT COURT FOR THE
   WESTERN DISTRICT OF NORTH CAROLINA
            ASHEVILLE DIVISION
              1:05CV265-MU-01
```

| | |
|---|---|
| **PAMELA JEAN McCRACKEN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **VALERIE WASHINGTON,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court for an initial review of Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C.§ 2254.

A review of the subject federal habeas petition reflects that on or about September 12, 2001, Petitioner was convicted after a trial by jury in the Superior Court of Haywood County of drug trafficking. Petitioner's sentence and conviction were affirmed by the North Carolina Court of Appeals on May 6, 2003. On April 16, 2004, Petitioner filed a Motion for Appropriate Relief (MAR) in the Superior Court which was denied on July 13, 2004. On July 26, 2004, Petitioner filed a federal habeas petition with this Court which was dismissed on April 8, 2005, for failure to exhaust state remedies. On April 19, 2005, Petitioner filed a petition for writ of certiorari with the North Carolina Court of Appeals which was

denied on May 2, 2005. On July 22, 2005, Petitioner filed the instant federal habeas petition.

In 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2254 by imposing a 1-year statute of limitations period for the filing of a federal habeas petition. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the record is clear that the North Carolina Court of Appeals issued it's opinion on May 6, 2003. Assuming that the time period during which Petitioner could file a petition for discretionary review tolled her limitation period, Petitioner's limitation period began to run on or about June 11, 2003,[1] and continued

---

[1] See N.C. R. App. P. 15, 32.

to run for 309 days until she filed her MAR on April 16, 2004. Her limitation period was tolled from that date until May 2, 2005, when the North Carolina Court of Appeals denied her petition for writ of certiorari. Her limitation began to run again on May 3, 2005, and expired fifty-six days later on June 27, 2005. Because Petitioner did not file the instant federal habeas petition until July 22, 2005, it appears that Petitioner's federal habeas petition is untimely.

However, in January 2002, the United States Court of Appeals for the Fourth Circuit decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill the Court held that "when a federal habeas court, prior to trial, perceives a pro se §2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to §2244(d) absent a sufficient explanation . . . ."

Accordingly, this Court now shall give the Petitioner 20 days in which to file a document, explaining why her federal habeas petition should be deemed timely filed. In particular, Petitioner should advise the Court of those matters which she believes could affect a determination of the timeliness of her federal habeas petition.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That within twenty (20) days of the date of this Order,

3

Petitioner shall file a document, explaining why she believes her federal habeas petition should be deemed timely filed; and

    2. That the Clerk shall send copies of this Order to Petitioner, and to the Attorney General of North Carolina.

**Signed: August 1, 2005**

Graham C. Mullen
Chief United States District Judge