```
UNITED STATES DISTRICT COURT FOR THE
   WESTERN DISTRICT OF NORTH CAROLINA
           ASHEVILLE DIVISION
            1:05CV265-MU-01
```

| | |
|---|---|
| **PAMELA JEAN McCRACKEN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **VALERIE WASHINGTON,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Respondent's Brief Responding to Statute of Limitation Issue,[1] filed October 24, 2005.

On July 22, 2005, Petitioner filed a federal habeas petition. After conducting an initial review of Petitioner's federal habeas petition, the Court concluded that it appeared that Petitioner's federal habeas petition was untimely. Therefore, the Court issued a Hill[2] notice ordering Petitioner, within twenty days of the filing of the notice, to set forth why her federal habeas petition should be deemed timely filed. When no response had been filed within twenty days, the Court dismissed her federal habeas petition as untimely.

---

[1] The Court will treat Respondent's response as a motion for summary judgment. The Court notes that Respondent, if necessary, retains the right to file a motion for summary judgment with regard to merits of Petitioner's federal habeas petition.

[2] Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

The Court subsequently learned that Petitioner had, in fact, filed a timely response to the Court's Hill notice but that it had been inadvertently filed in another case. The Court then vacated its August 25, 2005, Order and ordered Respondent to respond to Petitioner's argument that her limitation period for filing a federal habeas petition should be equitably tolled. Respondent has responded to the Court's October 11, 2005, Order arguing that Petitioner's federal habeas petition should be dismissed as untimely.

The Petitioner is advised that under the provisions of Rule 56(e) of the Federal Rules of Civil Procedure, she is required to submit documents, affidavits, or unsworn declarations made under penalty of perjury, in opposition to the Motion for Summary Judgment and supporting documents filed by Respondent. This rule requires that if the Petitioner has any evidence to offer to counter the evidence contained in the Motion for Summary Judgment and supporting documents filed by Respondent, she must present it to the Court in the form of documents, affidavits, or unsworn declarations under penalty of perjury. An affidavit is a written statement made under oath; that is, a statement prepared in writing by the Petitioner and sworn before a Notary Public. If the Petitioner chooses, she may instead submit an unsworn declaration and state the following with the date and her signature: ''I declare under penalty of perjury that the foregoing is true and

correct.'"

The Petitioner is further hereby advised that she has twenty (20) days from the filing of this Order in which to file documents, affidavits, or unsworn declarations in opposition to Respondent's Motion for Summary Judgment. **FAILURE TO RESPOND WITHIN THIS TIME PERIOD MAY SUBJECT THIS ACTION TO SUMMARY JUDGMENT**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner has twenty (20) days from the filing of this Order in which to respond to Respondnet's Motion for Summary Judgment.

**Signed: November 4, 2005**

*[signature]*

Graham C. Mullen
Chief United States District Judge